UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No: 3:21CR58 |
| | ) |
| JOSHUA N. PENNINGTON, | ) |

### PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, comes now the United States of America, by Assistant United States Attorney John M. Maciejczyk, the defendant Joshua N. Pennington, and his attorney, Brett B. Gibson, to show the Court they have entered into a plea agreement as follows:

1. I, Joshua N. Pennington, can read, write, and speak the English language.

2. I have received a copy of the Information in this case, and I have read and discussed it with my lawyer, and I believe and feel that I understand every accusation made against me in this case.

3. I have told my lawyer the facts and surrounding circumstances as known to me concerning the matters mentioned in the Information, and I believe and feel that my lawyer is fully informed as to all such matters. My lawyer has since informed me, and has counseled and advised me, as to the

nature and elements of every accusation against me and as to any possible defenses I might have in this case.

4. I understand that I am entitled to have all of my rights which may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

5. I understand that I have the right to plead not guilty. I understand that by pleading guilty I waive certain rights. The rights described below have been explained to me, as well as the consequences of my waiver of these rights:

   a. If I persisted in a plea of not guilty to the charges against me, I would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. I have the right to a jury trial. However, I may waive a jury trial in writing with the approval of the Court and the consent of the government.

   b. If I persisted in a plea of not guilty, I would have the right to be released on reasonable bail until my trial occurred.

   c. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. My attorney and I would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that a defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of my guilt beyond a reasonable doubt, and that it was to consider each count of the Indictment separately.

    d. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded of my guilt beyond a reasonable doubt.

    e. At a trial whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against me. I would be able to confront those government witnesses and my attorney would be able to cross-examine them. In turn, I could present witnesses and other evidence in my own behalf. If the witnesses for me would not appear voluntarily, I could require their attendance through the subpoena power of the Court.

    f. At a trial, I would have a privilege against self-incrimination so that I could decline to testify, and no inference of guilt could be drawn from my refusal to testify. If I desired to do so, I could testify in my own behalf.

    g. At trial and at every stage of the proceedings, I have a right to an attorney, and if I could not afford an attorney one would be appointed for me.

    h. In the event that I should be found guilty of the charges against me, I would have the right to appeal my conviction on such charges to a higher court.

    i. I understand that if I plead GUILTY, I waive the right to trial by jury in any and all proceedings in this case and all of the other rights mentioned above.

6.     I understand that under the U.S. Sentencing Guidelines, the Court, in light of an investigation by the United States Probation Office, will determine the applicable sentencing guideline range, and that the Court will determine all matters, whether factual or legal, relevant to the application of

the U.S. Sentencing Guidelines. I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed upon me will be determined by the judge after a consideration of a pre-sentence investigation report, input from counsel for myself and the government, federal sentencing statutes, and the U.S. Sentencing Guidelines.

7. Notwithstanding the above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office as follows:

(a) I agree to plead guilty to the sole count of the Information, which charges me with online enticement of a minor to engage in sexual activity, in violation of Title 18, United States Code, Section 2422(b), because I am, in fact, guilty of the offense charged.

(b) I understand that the minimum penalty that may be imposed upon me for my conviction of the offense of online enticement of a minor to engage in sexual activity as charged in the Information is a term of imprisonment of ten (10) years followed by a term of supervised release of at least five (5) years and not to exceed life, a fine not to exceed $250,000.00, plus a special assessment of $100.00 in addition to any other penalty imposed; and that the maximum possible penalty that may be imposed upon me for my conviction under the Information is a term of imprisonment not to exceed life followed by a term of supervised release of at least five (5) years and not to exceed life, a fine not to exceed $250,000.00, plus a special assessment of $100.00 in addition to any other penalty imposed.

(c) I understand that the government has reserved the right to tell the Court the good things about me and the bad things about me, and to fully inform the Court of the nature and extent of my offense as well as the full extent of my criminal history.

(d) The United States Attorney and I have entered into the following agreements pursuant to the Federal Rules of Criminal Procedure 11(c)(1)(B), which are not binding upon the Court. I understand this means that if the Court refuses to follow the

recommendations set forth in these sub-paragraphs, I will not be allowed to withdraw my guilty plea.

    (1)    The government and I agree that in recognition of my acceptance of responsibility for my offense conduct, I am entitled to a two-level reduction in offense level for acceptance of responsibility pursuant to § 3E1.1(a) of the Sentencing Guidelines. The government and I further agree that I have assisted authorities in the investigation or prosecution of my own misconduct by timely notifying the United States Attorney's Office of my intention to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, and we agree that if my offense level is 16 or greater, the government will move at sentencing for me to receive an additional one-level reduction in offense level under § 3E1.1(b). However, I understand that the government's obligation to recommend acceptance of responsibility under this plea agreement is contingent upon my continuing manifestation of acceptance of responsibility. Should I deny my involvement, give conflicting statements of my involvement, or engage in additional criminal conduct including any personal use of controlled substances, the government shall not be bound to recommend any reduction in offense level for acceptance of responsibility. I further understand that the Court is not bound by this recommendation and that the Court makes the final decision regarding my receipt of a reduction in offense level for acceptance of responsibility.

    (2)    I understand that the Court is not bound by these recommendations, that the Court makes the final decision regarding my receipt of a reduction in offense level for acceptance of responsibility, and that I am not entitled to withdraw this guilty plea if the Court decides not to accept this recommendation.

    (e)    As part of this agreement, I agree to make restitution to the victim of my offense in an amount to be determined by the sentencing court. I acknowledge restitution shall be due immediately and paid pursuant to a schedule to be set by the Court at sentencing. I understand that a payment schedule imposed by the Court establishes only a minimum obligation, and does not preclude the United States Attorney's Office from pursuing any other means to collect the

restitution judgment pursuant to federal and state law.

(f) I expressly authorize the U.S. Attorney's Office to immediately obtain a credit report in order to evaluate my ability to satisfy any financial obligation imposed by the Court. I agree to submit within 30 days of the filing of this plea agreement a completed financial statement to the U.S. Attorney's Office in a form it provides and as it directs. I promise that the financial statement and disclosures will be complete, accurate and truthful, and I understand that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years' incarceration and fine. If deemed necessary by the U.S. Attorney's Office, I agree to submit, prior to sentencing, to an examination under oath on the issue of my ability to pay restitution.

(g) I understand that by pleading guilty, I will be required to register as a sex offender upon my release from prison as a condition of supervised release pursuant to 18 US.C. § 3583(d). I understand that independent of supervised release, I will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout my life. I understand that I shall keep my registration current, shall notify the state sex offender registration agency or agencies of any changes to my name, place of residence, employment, or student status, or other relevant information. I shall comply with requirements to periodically verify in person my sex offender registration information. I understand that I will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. I further understand that, under 18 US.C. § 4042(c), notice will be provided to certain law enforcement agencies upon my release from confinement following conviction. As a condition of supervised release, I understand that I shall initially register with the state sex offender registration in the state in which I reside, am employed, or am a student, as directed by the Probation Officer. I understand that I shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update my registration information. I understand that I shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

(h) I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed. I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose

any sentence within the statutory maximum set for my offense as set forth in this plea agreement. With this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel, including any appeal under Title 18, United States Code, Section 3742, or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255. I agree to waive all rights, whether asserted directly or through a representative, to, after sentencing, request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter. This waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974.

8. I am prepared to state to the Court the facts in this matter that cause me to believe I am guilty of the crime charged in the Information. I acknowledge that I am only providing a summary of the events herein. In connection with my guilty plea, I admit the following facts:

    I admit that from in or about September of 2018 to on or about January 5, 2019, I knowingly used a facility or means of interstate and foreign commerce to knowingly persuade Jane Doe, who was under the age of 18, to engage in sexual activity that was a violation of Indiana Code section 35-42-4-9(a)(1), sexual misconduct with a minor.

    I admit that on January 4, 2019 I was 26 years old. On that date I travelled from my home in West Chester, Ohio to Lafayette, Indiana in my Kia Optima intending to meet with Jane Doe, who I believed to be 15 years old. I now know she was actually 13 years old. I brought with me condoms and a blanket for the back seat of the car. I arranged to meet with Jane Doe using Snapchat on my phone. Jane Doe and I had been communicating by Snapchat for several months, having met online in the fall of 2018 in approximately September. We arranged to meet to engage in sexual activity. Snapchat is a facility or means of interstate and foreign commerce. I picked up Jane Doe in front of her house and we eventually ended up in a church parking lot in the Northern District of Indiana at about 3:00 a.m. on January 5, 2019. We engaged in sexual activity, and my penis penetrated Jane Doe's vagina.

7

    We were interrupted by the arrival of a local police officer. Before we got out of the car, I told Jane Doe to tell the officer that she was 19 years old.

    I admit that based on the above acts I committed a violation of Indiana Code section 35-42-4-9(a)(1), sexual misconduct with a minor.

9. I understand that if I violate any of the provisions of this plea agreement, including my continuing obligation to demonstrate acceptance of responsibility, the United States Attorney may at its option either (a) ask the Court to make a determination that I have breached a term in this agreement in which event I will at sentencing lose the benefit of all the non-binding promises made by the government in this agreement and I would have no right to withdraw my guilty plea, or (b) the United States Attorney could seek to have the Court declare this entire plea agreement null and void, in which event I can then be prosecuted for all criminal offenses that I may have committed.

10. Other than what is contained in this plea agreement, no predictions, promises, or representations have been made to me as to the specific sentence that will be imposed or any other matter.

11. I am prepared to state to the Court my reasons based on the facts in this matter that cause me to believe that I am GUILTY as charged.

12. I believe and feel that my lawyer has done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me.

13. I declare that I offer my plea of GUILTY freely and voluntarily and of my own accord, and that no promises have been made to me other than those contained in this Petition, nor have I been threatened in any way by anyone to cause me to plead GUILTY in accordance with this Petition.

14. I understand and acknowledge that this Petition, once filed with the Court, is a public document and available for public viewing.

*s/ Joshua N. Pennington*
Joshua N. Pennington, Defendant

*s/ Brett B. Gibson*
Brett B. Gibson, Attorney for Defendant

APPROVED:

GARY T. BELL
ACTING UNITED STATES ATTORNEY

By: *s/ John Maciejczyk*
John M. Maciejczyk
Assistant United States Attorney

APPROVED BY:

    TINA L. NOMMAY
    ACTING UNITED STATES ATTORNEY

By:   *s/ John M. Maciejczyk*
    John M. Maciejczyk
    Assistant United States Attorney
    204 S. Main Street, Room M01
    South Bend, IN 46601
    Phone: 574-236-8287
    Email: John.Maciejczyk@usdoj.gov