UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:21-CR-058 JD |
| | ) | |
| JOSHUA N. PENNINGTON | ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

This memorandum is submitted on behalf of Defendant, Joshua Pennington, by Counsel, Brett B. Gibson. Defendant pled guilty to Count 1 of the Information, for violating 18 U.S.C. §2422(b). The U.S. Probation Office ("Probation") has calculated, under the U.S. Sentencing Guidelines (the "Guidelines"), a sentencing range of 121 to 151 months in prison.

At the time of Sentencing, Defendant is serving an undischarged state sentence which resulted from relevant conduct to the instant offense of conviction. Pursuant to USSG § 5G1.3(b)(1) and (2), the sentence herein should be ordered served concurrently to the 12-year executed sentence on Amended Count 1 in 79D01-1901-F1-000001; and Defendant's sentence should be adjusted for the period of imprisonment already served in 79D01-1901-F1-000001. Pursuant to USSG §5G1.3(d), the sentence herein may be ordered to run concurrently, partially concurrent, or consecutively to the sentence on Count 8 in 79D01-1901-F1-000001.

## BACKGROUND

The facts relevant to the application of USSG § 5G1.3 are set forth in the Presentence Investigation Report ("PSIR"), para. 7 to 12 and para. 42 to 43. Defendant met C.D. through an on-line dating app. On January 5, 2019, Defendant travelled from Ohio to Lafayette, Indiana and engaged in sexual conduct with C.D. He was arrested on January 5, 2019 and charged with

1

multiple offenses in the Tippecanoe Superior Court 1 under cause no.79D01-1901-F1-000001. He posted bond on January 11, 2021.

Defendant was then arrested in Kentucky on unrelated charges. On February 19, 2019, Defendant's bond was revoked in 79D01-1901-F1-000001 due to the new arrest in Kentucky. Defendant pled guilty in the Kentucky case. On February 10, 2021, Defendant completed the executed portion of the Kentucky sentence and was released to Indiana under the hold in 79D01-1901-F1-000001. *See* PSIR para 43 and 45.

On April 8, 2021, Defendant entered pleas of guilty in 79D01-1901-F1-000001 pursuant to a Plea Agreement to Amended Count 1, Sexual Misconduct with a Minor, I.C. 35-42-4-9(a)(1), a Level 4 felony; and Count 8, Possession of Child Pornography, I.C. 35-42-4-4(d), a Level 6 felony. On June 3, 2021, Defendant was sentenced on Amended Count 1 to twelve years executed at the Indiana Department of Corrections ("IDOC"); and on Count 8 to two years executed at the IDOC, consecutive to Amended Count 1. *See* PSIR, para. 42.

On July 21, 2021, Defendant pled guilty herein to a one-count Information of Coercion and Enticement in violation of 18 U.S.C.S. § 2422(b), charged as follows:

> "defendant herein, did use any facility and means of interstate and foreign commerce, to knowingly persuade, induce, entice, and coerce an individual, Jane Doe, who had not attained the age of 18 years, to engage in any sexual activity for which any person could be charged with a criminal offense, namely a violation of Indiana Code section 35-42-4-9(a)(1), sexual misconduct with a minor."

The victim in 79D01-1901-F1-000001 is the same person identified as C.D. and/or Jane Doe in the instant case. The sexual misconduct with a minor alleged as part of the Information in Count 1 herein is the same offense to which Defendant was sentenced in 79D01-1901-F1-000001. *See* PSIR para. 43.

Defendant was incarcerated in 79D01-1901-F1-000001 from January 5, 2019, until he posted bond on January 11, 2019 (five actual days); and from February 10, 2021, through the present (302 actual days as of December 9, 2021). *See* PSIR para. 43, 45, and 66. At the time of sentencing herein on December 9, 2021, Defendant will have served an aggregate of 307 days of imprisonment in 79D01-1901-F1-000001.

## APPLICATION OF USSG §5G1.3

U.S.S.G. § 5G1.3 is designed to discourage sentences that punish defendants twice for the same conduct. *United States v Nania*, 724 F.3d 824 at 829 (7th Cir. 2013). U.S.S.G. § 5G1.3 applies to defendants who are serving an existing, but not yet completed, prison term. If the conduct that led to the undischarged prison term sufficiently overlaps with the conduct for the current offense, then the Guidelines recommend that the prison terms run concurrently. *Id*. at 829. If a defendant is convicted of multiple offenses, each offense should be analyzed separately for application of 5G1.3. *United States v Schrode*, 839 F.3d 545 at 553 (7th Cir. 2016). Every offense of conviction is not subject to the same application under §5G1.3. *Id*.

Amended Count 1 and Count 8 were ordered served consecutively in the state case. Because separate terms of imprisonment were imposed, each offense must be analyzed through § 5G1.3. *Id*.

U.S.S.G.§ 5G1.3(b) applies when a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct). For Guidelines purposes, "relevant conduct" includes "all acts and omission committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant." U.S.S.G. § 1B1.3(a)(1)(A).

In 79D01-1901-F1-000001, Defendant was convicted of Amended Count 1, Sexual Misconduct with a Minor under I.C. 35-42-4-9(a)(1). This offense was part of the factual basis

3

for Defendant's instant offense. *See* PSIR para. 43. The state conviction and the instant offense involve the same victim and the same sexual conduct. The commission of the state offense of sexual misconduct with a minor is an element of the crime to which the Defendant plead guilty to herein. Because all of the offense conduct of Amended Count 1 was relevant conduct to the instant offense, § 5G1.3(b) applies.

When § 5G1.3(b) applies, "the sentence for the instant offense shall be imposed as follows:

> **(1)** the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> **(2)** the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment."

In 79D01-1901-F1-000001, Defendant was also convicted of Count 8, Possession of Child Pornography, a Level 6 felony. Because the sentence for Count 8 was ordered served consecutively to Amended Count 1, it has a distinct term of imprisonment that must be analyzed separately under 5G1.3. This offense was not relevant conduct to the instant offense. Therefore, § 5G1.3(d) applies, which provides that the instant offense may be ordered to run concurrently, partially concurrent, or consecutively to the sentence on Count 8 in 79D01-1901-F1-000001.

## 18 U.S.C. § 3553 FACTORS

The PSIR sets forth certain aggravating factors in paragraphs 89 to 94 and several mitigating factors in paragraph 95. Defendant continues to have the support of his family and friends as evidenced by the letters of support attached hereto[1]. Defendant has accepted

---

[1] Attached hereto as Exhibit A are eight letters of support.

responsibility by pleading guilty and expressed remorse in his letter to the Court, attached hereto[2]. There are no aggravating or mitigating factors that would warrant a departure from the applicable sentencing guideline range. *See* PSIR, para. 89.

## CONCLUSION

Defendant's total offense level is 31 with a criminal history category of II, which results in an applicable guideline imprisonment range of 121 to 151 months. Defendant is currently serving an undischarged term of imprisonment for an offense that was relevant conduct to the offense herein. Therefore, Defendant's sentence herein should be ordered served concurrently to the twelve-year sentence on Amended Count 1 in 79D01-1901-F1-000001. Defendant's sentence should also be adjusted to account for the 307 days of imprisonment he has served in 79D01-1901-F1-000001. *See* USSG §5G1.3(b). Defendant's two-year sentence on Count 8 in 79D01-1901-F1-000001 did not result from relevant conduct the offense herein. Pursuant to USSG §5G1.3(d), the sentence herein may be ordered to run concurrently, partially concurrent, or consecutively to the sentence on Count 8 in 79D01-1901-F1-000001.

There are no factors that would warrant a departure from the applicable sentencing guideline range. The Defendant has already received a lengthy 12-year prison[3] sentence for the conduct that resulted in his prosecution herein. He received an additional, consecutive, 2-year sentence for an unrelated offense that is also undischarged. Upon his release, Defendant will be required to register as a sex offender and subject to significant restrictions.

---

[2] Attached hereto as Exhibit B is a letter from Defendant.

[3] Defendant was convicted on Amended Count 1 of sexual misconduct with a minor, a Level 4 felony. The range of penalty for a Level 4 felony is 2 to 12 years. Defendant received the maximum possible sentence. *See* IC 35-42-4-9(a)(1) and IC 35-50-2-5.5.

For the reasons stated above, the Defendant requests that the Court impose a sentence in the Guidelines range of 121 to 151 months, to be served concurrent to the sentence in 79D01-1901-F1-000001.

Dated: November 22, 2021

                                            Respectfully submitted:

                                            Brett B. Gibson, #20135-49
                                            Gibson Law Office
                                            133 N. 4th St Ste 73
                                            Lafayette IN 47902
                                            Phone: (765) 742-8440
                                            Fax: (765) 742-8503
                                            Email: bg@bbgibson.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:21-CR-058 JD |
| | ) | |
| JOSHUA N. PENNINGTON | ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certified that the Defendant's Sentencing Memorandum was electronically filed with the Clerk of the Court using the CM/ECF system which sent notifications of said filing to the following individual:

John M. Maciejczyk, AUSA

_____
Brett B. Gibson

7