UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITES STATES OF AMERICA ) | |
| ) | |
| v. ) | Case Number: 3:21-cr-00058-JD |
| ) | |
| JOSHUA N. PENNINGTON ) | |

## UNITED STATES' SENTENCING MEMORANDUM

Comes now the United States of America, by its counsel, Clifford D. Johnson, United States Attorney for the Northern District of Indiana, through John M. Maciejczyk, Assistant United States Attorney, and submits the following memorandum in preparation for the sentencing hearing in this case:

1. On July 21, 2021, the defendant pled guilty to a one count Indictment charging him with Coercion or Enticement of a Minor to Engage in Sexual Activity, in violation of 18 U.S.C. § 2422(b).

2. The Final Presentence Report ("PSR"), dated September 2, 2021, Dkt. 16, was not objected to by either party. Dkt. 17.

3. The PSR calculates a guideline range for this defendant of 121 to 151 months.  PSR ¶ 74.  The fine guideline range is $30,000 to $250,000. PSR ¶ 82.   Given the defendant's financial situation, a fine is not recommended.   PSR ¶ 72.   He is required to pay a $100 mandatory special

assessment. PSR ¶ 81. The defendant is also subject to the provisions of the Justice for Victims of Trafficking Act of 2015 ("JVTA"),[1] 18 U.S.C. § 3014, under which the court shall assess an amount of $5,000, upon any non-indigent person convicted of an offense such as the defendant's. Supervised release upon completion of the sentence of confinement is from five years to life. PSR ¶ 76-77, 18 U.S.C. § 3583(k).

4. The government did not agree to recommend a particular a sentence in the plea, Dkt. 2. As detailed below, the government recommends a sentence of 141 months imprisonment at the upper third of the guideline range, consecutive to the defendant's state court child pornography offense, to be followed by 5 years supervised release and no fine. The victim is requesting no restitution, the government recommends no assessment under the JVTA, and the standard $100 special assessment.

8. The application of 18 U.S.C. § 3553(a) factors supports the recommended sentence. These factors include the following:

**(1) the nature and circumstances of the offense and the history and characteristics of the defendant;**

The factual basis of the offense is contained in paragraphs 8-11 of the PSR.

---

[1] The JVTA was set to expire on September 21, 2021, but was extended through the end of the year by H.R. 5305, Pub. Law. No. 117-43, signed into law on September 30, 2021.

The nature and circumstances of the offense are primarily aggravating. As noted in the PSR: *"Aggravating factors in this case include the nature and circumstances of the offense which include the defendant driving to a separate state from which he resides to have sex with a minor that he groomed online through social media apps for months prior. Reports advised Mr. Pennington told officers he and the juvenile had been "dating" for months and he has traveled to see her 5-6 times before. Mr. Pennington created false app profiles to have access to females with younger ages (13-17) in which he could communicate with as he was looking to date a younger female. This conduct is accounted for in the guideline calculation, however it is unique to this case as the app Yubo had defenses in place from allowing older people having access to younger people's profiles, but the defendant was targeting a younger profile deliberately and created a page for himself that allowed such access.."* PSR ¶ 90.

*"Another unique aggravating factor is that officers found a blow-up air mattress that appeared to be one that would fit in the rear seat of the vehicle, blow up pillows, a white fleece blanket, and RV like curtains in the trunk of the defendant's vehicle. Mr. Pennington preplanned his trips to see his victim and was prepared to either sleep in his vehicle or prepared for sexual activities to take place inside his vehicle with Jane Doe."* PSR ¶ 91.

*"In addition, during the sexual act with Jane Doe, she told the defendant*

3

*that "it hurt" and she told him to stop, but he said it would be okay and that is seen in aggravation. Once the officer arrived on scene, the defendant told Jane Doe to lie and tell the officer she was 19 years old, and they were visiting from Ohio, that is also seen in aggravation."* PSR ¶ 92.

*The defendant's conduct of communicating with younger females took place for many months prior to his instant offense and that is just what officers could recover on his phone. Mr. Pennington had a sexual relationship with a separate juvenile in Minnesota and he was also in communications with another juvenile in Kentucky. The defendant's conduct is not a one-time lapse in judgement; the defendant has established a pattern of similar conduct. There were many pictures and videos of young females on the defendant's cell phone that have not been identified. The defendant appears to have been preying on young impressionable females across states since 2018. There is a concern that there might be more potential victims."* PSR ¶ 93.

*"In addition, while on bond for his arrest in Tippecanoe [County], Indiana, the defendant continued his conduct with another juvenile in the state of Kentucky and had made plans to see her in person in February 2019. The defendant's lack of remorse for his actions with Jane Doe in Indiana is shown in his actions to repeat his conduct with a new victim in Kentucky just one month after his arrest. The defendant showed no respect for the law or his bond conditions with his decision to commit a new offense while on bond. The*

*defendant's noncompliance and repeated sexual conduct is seen in aggravation."* PSR ¶ 94.

Mitigating factors include *"the defendant's level of education, work history, lack of substance abuse concerns, good physical health, and family support. The defendant's family is emotionally and financially supportive of him. The defendant is also welcomed to reside with his mother upon his release in the future."* PSR ¶ 95. Other mitigating factors suggested by the government are his lack of drug use, PSR ¶ 62-63, and fairly stable employment history. PSR ¶ 67-69.

**(2) the need for the sentence imposed—**

**(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**

A sentence of 141 months for this 29-year-old offender will adequately reflect the seriousness of the offense.

**(B) to afford adequate deterrence to criminal conduct;**

**(C) to protect the public from further crimes of the defendant; and**

A sentence of 141 months will provide deterrence to others who may contemplate committing similar crimes. One particular concern is the defendant's potential to recidivate. This is based on him continuing his predatory conduct in Kentucky, after having been arrested and released in Tippecanoe County Indiana. PSR ¶ 44-45. His conduct in that case

5

included persuading the 12 year old victim to send him a pornographinc image of her naked vagina, and making plans to travel to her resiedence and meet with hr on February 1, 2019. PSR ¶ 45. Continuing similar conduct after having been arrested indicates a problem conforming his behavior with the law and a propensity to victimize minor females.

    **(3) the kinds of sentences available;**

    **(4) the kinds of sentence and the sentencing range established for—**

    **(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--**

These factors support a sentence within the guideline range because they argue for uniform sentencing practices, and the guidelines are designed to achieve this outcome: "The Guidelines remain an essential tool in creating a fair and uniform sentencing regime across the country." *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Sentences that are within the properly calculated guidelines range are entitled to a rebuttable presumption of reasonableness. *United States v. Beltran-Leon*, 9 F. 4th 485, 491 (7th Cir., 2021), *citing Rita v. United States*, 551 U.S. 338, 347, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Non-production child pornography sentencing guidelines have been criticized, *see* 2012 U.S.S.C. Report on Federal Child Pornography Offenses (2012), and Federal Sentencing of Child Pornography: Non-Production

Offenses (U.S.S.C. 2021), and many courts routinely sentence child pornography offenses below the guidelines "most often by imposing variances pursuant to 18 U.S.C. § 3553(a)." Federal Sentencing of Child Pornography: Non-Production Offenses at 3 (U.S.S.C. 2021). However, the guideline for a 18 U.S.C. § 2422(b) offense, U.S.S.G. §2G1.3, has not been subject to similar criticism.

**(5) any pertinent policy statement.**

The only policy statement that applies in this case, as discussed below, is U.S.S.G. § 5G1.3(d):

> (d) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

**(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and**

In this case a sentence within the guideline range is justified based on the defendant's offense conduct and his potential for recidivisim.

## Concurrent v. Consecutive Sentences

The defendant argues that any sentence imposed in this case, according to U.S.S.G. § 5G1.3 should be consecutive to Amended Count 1 of his Tippecanoe County state court case, 79D01-1901-F1-001, for SexualMisconduct with a Minor under I.C. 35-42-4-9(a)(1).   Dkt. 19 at 2-4. U.S.S.G. § 5G1.3(b) reads in relevant part as follows:

> (b) if ... a[n undischarged] term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of (a)(1), (a)(2), or (a)(3) of 1B1.3, the sentence for the instant offense shall be imposed as follows:
> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

U.S.S.G. § 1B1.3(a)(1)(A) defines relevant conduct as "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant."   Furthermore, § 5G1.3 is intended to "discourage sentences that punish defendants twice for the same conduct." *United States v. Schrode*, 839 F.3d 545, 551 (7th Cir. 2016).   "It is the defendant's burden to demonstrate that the conduct which led to his state sentences is relevant conduct to his federal offense."  *Id.,  citing United States v. Nania*, 724 F.3d 824, 833 (7th Cir. 2013).

8

The government concedes that the defendant's conviction under Amended Count 1 of his Tippecanoe County state court case was relevant conduct to this federal conviction and that the guideline recommends that any sentence in this case shall be imposed to run concurrently. U.S.S.G. § 5G1.3(b)(2). However, it is not possible to determine how the Bureau of Prisons will determine whether to credit or not a period of imprisonment already served to the federal sentence. Therefore, the government recommends that the Court permit the Bureau of Prisons make this determination.

The question of whether to run the defendant's sentence concurrent or consecutive to the defendant's of his Tippecanoe County state court conviction of Count 8, Possession of Child Pornography under I.C. 35-42-4-4(d), is a different story. The child pornography offense is not relevant conduct to the offense of conviction in this case, nor has the defendant carried his burden of proving so. As noted above, U.S.S.G. § 5G1.3(d) directs that "in any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." Application Note 4 to U.S.S.G. § 5G1.3 discusses the factors that a court "should consider" when making the concurrent, partially concurrent, or consecutive decision. The

9

first of these is "the factors set forth in 18 U.S.C. § 3584 (referencing 18 U.S.C. § 3553(a))." U.S.S.G. § 5G1.3, Application Note 4(a)(i).   Based on the above discussion of the § 3553(a) factors the government contends that this Court should impose its sentence to run consecutive to the two year sentence in Count 8 of the prior state court sentence.

## Conclusion

Based on the above, the government requests that the defendant be sentenced to a sentence of 141 months, followed by a 5-year term of supervised release, no fine, no discretionary assessments, a $100 special assessment, and no restitution because the victim has not requested restitution. The sentence of 141 months should be concurrent to Amended Count 1 of his Tippecanoe County state court case, 79D01-1901-F1-001, but consecutive to Count 8 of that case.

Dated: November 19, 2021

                                      Respectfully submitted,

                                      CLIFFORD D. JOHNSON
                                      UNITED STATES ATTORNEY

                          By:   s/ *John M. Maciejczyk*
                                      John M. Maciejczyk
                                      Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I certify that on November 26, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to defense counsel.

 s/ *John M. Maciejczyk*
United States Attorney's Office
204 S. Main Street, Room M01
South Bend, IN 46601
(574) 236-8287